IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID ADDINGTON, | CV 15–128–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| PRINCE TELECOM, LLC, | |
| Defendant. | |

## INTRODUCTION

Plaintiff David Addington brought this action against Defendant Prince Telecom, LLC, alleging wrongful discharge from employment, slander, and blacklisting. Now before the Court is Prince Telecom's motion to dismiss the slander and blacklisting counts, Counts Two and Three, of the First Amended Complaint for insufficient pleading. (Doc. 18.) For the reasons stated below, Counts Two and Three are dismissed without prejudice.

## BACKGROUND

Prince Telecom is a subcontractor that employs installation technicians who install cable, telephone, and internet lines in customers' homes. (Def.'s Prelim. Pretrial Statement, Doc. 13 at 2.) Addington began working for Prince Telecom in

its Auburn, Washington system on March 20, 2013, as a Cable Install Technician. (*Id.* at 3; Scheduling Order, Doc. 16 at 4.) In August 2013, Addington was transferred to the Missoula, Montana system. (Doc. 13 at 3.) Prince Telecom later terminated Addington, and his last date of employment was on December 3, 2013. (Doc. 16 at 4.)

Addington filed this action on November 5, 2014, in the Montana Fourth Judicial District Court, Missoula County, and Prince Telecom removed it to federal court on October 2, 2015, based on diversity of citizenship. (Doc. 1.) After the preliminary pretrial conference on January 22, 2016, Addington filed a First Amended Complaint on February 16, 2016, that amended Counts Two and Three.

## STANDARD

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* (internal citations and quotation marks omitted).

**DISCUSSION**

According to Prince Telecom, Counts Two and Three and the related claims for punitive damages, as alleged in the First Amended Complaint, do not rise to the required pleading standard. The Court agrees.

In Montana, "[s]lander is a false and unprivileged publication other than libel that . . . by natural consequence causes actual damage." Mont. Code Ann. § 27–1–803(5). Count Two of the First Amended Complaint alleges in its entirety that: after Addington's termination, Prince Telecom, through its agent William Faulks, orally made false and unprivileged statements regarding Addington to David Kupu and Ryan Reed; Faulks stated that Addington "could not work in Montana as a Cable Install Technician"; the statement was false; and the statement damaged Addington in an amount to be determined at trial. (Doc. 17 at 3.) Although detailed factual allegations are not needed, Count Two amounts to "a formulaic recitation of the elements" of the cause of action. It is vague and does not give Prince Telecom fair notice of the grounds for the claim. Count Two leaves unclear the specific time the statement was made, the context in which the statement was made, the identity of David Kupu and Ryan Reed, how the

statement is false, how the statement damaged Addington, or how the statement carries a defamatory meaning. Count Two is dismissed.

According to the Blacklisting and Protection of Discharged Employees Act,

> If a company or corporation in this state authorizes or allows any of its agents to blacklist or if a person does blacklist any discharged employee or attempts by word or writing or any other means to prevent any discharged employee . . . from obtaining employment with another person, . . . the company, corporation, or person is liable in punitive damages to the employee prevented from obtaining employment.

Mont. Code Ann. § 39–2–803. Count Three of the First Amended Complaint alleges in its entirety that: after Addington's termination, Prince Telecom, through its agent Faulks, wrongfully attempted to prevent Addington from obtaining employment by "telling prospective employers that [Addington] could not work in Montana as a Cable Install Technician"; the statement was false; and as a result Addington suffered damages in an amount to be determined at trial. (Doc. 17 at 4.) Once again, Count Three amounts to conclusory formulaic assertions. The claim leaves unclear the timing of the statement, the context of the statement, how and to whom the statement was disseminated, how the statement is false, how the statement was used to prevent Addington from obtaining employment with another person, and how the statement damaged Addington. Count Three is dismissed.

The claims in Counts Two and Three for punitive damages state only that Prince Telecom is liable because it "acted with actual malice towards" Addington and that Prince Telecom is liable "[p]ursuant to Montana Code Annotated § 39–2–803." (Doc. 17 at 2–3.) These allegations are conclusory, and the punitive damages claims are dismissed along with that of the related slander and blacklisting claims.

Addington requests leave to amend as an alternative to dismissal. At this stage of the case, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Addington has had one opportunity to amend his pleading, and the amendments did not cure the deficiencies in the original Complaint, dismissal of Counts Two and Three is inappropriate at this stage where the First Amended Complaint suffers only from a lack of detail. Amendment would not be futile where the pleading of additional facts could save the claims, and Prince Telecom does not oppose amendments where it moves alternatively for a more definite statement. Addington may therefore amend the First Amended Complaint.

Accordingly, IT IS ORDERED that Prince Telecom's motion (Doc. 18) is GRANTED. Counts Two and Three are dismissed without prejudice as

insufficiently pled.

IT IS FURTHER ORDERED that Addington has 10 days from the date of this Order to amend Counts Two and Three or they will be dismissed with prejudice.

DATED this 31st day of May, 2016.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT